UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-2011-SNLJ |
| JAY WALKER, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on defendants' joint motion to dismiss (#23), filed January 14, 2010. Responsive pleadings have been filed and this matter is ripe for disposition.

**I. Statement of the Case**

Plaintiff Property and Casualty Insurance Company of Hartford (Hartford) filed this action on December 8, 2009, seeking a declaratory judgment on its obligation to indemnify defendant Jay Walker in the case of *Ruth Mendenhall v. The Family Center, et al.*, Cause No. 07SF-CC0568, which was filed in the Circuit Court of St. Francois County, Missouri. Less than two hours after plaintiff filed the current action in this federal district court, defendant Ruth Mendenhall filed a state court action, Cause No. 09SL-CC05239, in the Circuit Court of St. Louis County, Missouri, also seeking a declaratory judgement on Hartford's obligation to indemnify defendant Jay Walker in the St. Francois County case.

The underlying facts of *Ruth Mendenhall v. The Family Center, et al.* are as follows: Decedent Len Mendenhall was killed in an accident involving a truck and trailer owned by the

Family Center of Farmington, Inc. (Family Center). At the time of the accident, Mendenhall was a temporary employee of 4-J Farms, a sole proprietorship owned by Jay Walker. Mendenhall's widow, Ruth Mendenhall, sued both the Family Center and Jay Walker for the wrongful death of her husband, pursuant to Missouri statute 537.080 RSMo.

At the time of the accident, The Family Center was covered under a Business Auto Liability Policy issued by plaintiff Hartford, and Jay Walker's business, 4-J Farms, was insured by Farm Mutual Insurance Company of St. Francois County (Farm Mutual). Farm Mutual hired counsel to represent Jay Walker in the *Ruth Mendenhall* case, and Jay Walker tendered Mendenhall's claims to plaintiff Hartford because of the insurance policy it had issued to The Family Center as owner of the truck. Jay Walker informed Hartford that if it did not assume his defense costs and indemnity, he would enter into a sec. 537.065 agreement with Ruth Mendenhall. At that point Hartford asserted a reservation of rights and agreed only to split defense costs with Farm Mutual for the defense of Jay Walker.

After Ruth Mendenhall settled her claims against The Family Center, Jay Walker and Ruth Mendenhall entered into an agreement pursuant to § 537.065 RSMo, which provided that any judgment entered against Jay Walker could be executed only against The Family Center's insurance policy issued by Hartford. The Court entered a judgment against Jay Walker in that case on December 8, 2009, and Ruth Mendenhall then filed the action in the Circuit Court of St. Louis County, Cause No. 09SL-CC05239, noted above for equitable garnishment against Hartford and Jay Walker.

Hartford filed this action on the same day less than two hours later that Mendenhall filed the equitable garnishment action in the Circuit Court of St. Louis County, asking this Court to

find and declare that Hartford has no duty to indemnify Jay Walker. As a result of the state court filing, defendants Ruth Mendenhall, Jay Walker, and Farm Mutual moved to dismiss the action under the doctrine of abstention.

**II. Discussion**

The assumption of jurisdiction by a federal court to hear a declaratory judgment action is not automatic or obligatory. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Considering that Congress drafted the Declaratory Judgment Act to create an opportunity, rather than a duty, for a district court to grant a new form of relief to qualifying litigants, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. To wit, a district court is authorized within its sound discretion to stay or dismiss an action seeking a declaratory judgment during the pendency of parallel state court proceedings. *Id*. at 282-90, 115 S.Ct. 2137.

The Eighth Circuit has recognized, however, that for a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the state court proceeding must present "the same issues, not governed by federal law, between the same parties," and the federal court must also evaluate "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Royal Indemnity Company v. Apex Oil Company, Inc.*, 511 F.3d 768, 796 (8th Cir. 2008) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). Furthermore, many courts have noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will

often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Id*. at 797 (quoting *Wilton*, 515 U.S. at 288 n. 2, 115 S.Ct. 2137).

Before this Court can decide whether to abstain from this matter, it must be satisfied that there indeed exists a parallel state court proceeding that presents "the same issues, not governed by federal law, between the same parties." Here, Hartford seeks a declaration that it has no liability to Jay Walker in his individual capacity, nor liability for reimbursement for any legal fees paid by Jay Walker or Farm Mutual beyond those which Hartford had already agreed to pay. In contrast, plaintiff Mendenhall in the St. Louis County case seeks a declaratory judgment regarding Hartford's liability only to Jay Walker, rather than both Jay Walker and Farm Mutual. Plaintiff maintains, therefore, that Hartford's interests cannot be satisfactorily adjudicated without the presence of Farm Mutual, which is not a party in the state court action.

It is clear to the Court, however, that there is only one ultimate issue presented in both this case and the St. Louis County case, that is, whether Hartford has coverage in favor of Jay Walker, and that the resolution of that one issue not only will dispose of Hartford's liability to Jay Walker, but also Hartford's liability to Farm Mutual, Walker's subrogee. Farm Mutual's claim, in other words, is wholly dependent on the outcome of the coverage issue between Hartford and Walker. Ironically, Farm Mutual, which would seem to have an interest in protecting its position (and that of the subrogor Walker) by participating in the litigation, denies that it is a necessary party and instead joins in the motion to dismiss. Regardless of whether Farm Mutual is a necessary party, it is undisputed that Hartford can join Farm Mutual as a party in the St. Louis County case and that Farm Mutual is "amenable to process in that proceeding." *Royal Indemnity Company*, 511 F.3d at

796.

For these reasons, this Court is satisfied that it can and should abstain from this proceeding in order to defer to the action pending in the Circuit Court of St. Louis County. Both sides have indicated in their briefs that rather than dismissing the case, they would be amenable to this Court ordering a stay of proceedings while the controversy is resolved in state court. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss is denied but that the proceedings herein are stayed pending the resolution of Cause No. 09SL-CC05239 in the Circuit Court of St. Louis County, Missouri.

Dated this   11th   day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE